UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELLY MANSHIP            CIVIL ACTION

VERSUS            NO. 25-426

JOSHUA THRONE            SECTION: "D" (3)

### ORDER AND REASONS

Plaintiff, Kelly Manship, filed a Motion for Leave to File a Supplemental, Restated, and Amended Complaint.[1] Defendant, Joshua Throne, opposes the motion,[2] and Manship has replied.[3] Having considered the submissions and arguments of counsel, the record, and the applicable law, the Court grants the motion to allow Manship to modify her original complaint and denies it in part so that Manship may submit a revised proposed pleading that is comprehensive and that will act as the single operative complaint.

I. **Background**

Manship and Throne own separate condominiums with a shared deck.[4] Manship sued Throne relative to a dispute over the shared deck and certain parking spaces.[5] On March 28, 2025, Throne moved to dismiss the lawsuit under Rule 12(b)(5)

---

[1] R. Doc. 31.
[2] R. Doc. 36.
[3] R. Doc. 43.
[4] R. Doc. 1-1, ¶¶ 3-5.
[5] *Id.* ¶ 8.

1

for insufficient process and service of process and also under Rule 12(b)(6) for failure to state a claim.[6]

The Scheduling Order establishes a May 12, 2025 deadline for amendment to pleadings.[7] Manship moved to supplement, amend, and restate her complaint on that date.[8] Manship maintains that the proposed changes to her complaint will moot Throne's arguments under Rule 12(b)(6). Manship does not contend that the proposed changes affect the disposition of the Rule 12(b)(5) issues.

## II. Law and Analysis

When, as here, a party seeks leave to amend before the expiration of any deadline for amendments in the scheduling order, Rule 15(a) applies.[9] Rule 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

---

[6] R. Doc. 13.
[7] R. Doc. 17.
[8] R. Doc. 31.
[9] Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Rule 15(a)(1) does not apply here because Manship waited more than 21 days after service of the Rule 12 motion.

2

Although leave to amend is to be freely given under Rule 15(a), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Throne's primary contention is that amendment would be futile because the proposed pleading still fails until Rule 12(b)(6). District courts in the Fifth Circuit, however, routinely conclude that the issue of futility is better addressed in the context of a Rule 12(b)(6) motion rather than a Rule 15(a) motion for leave to amend. *E.g., Tesla, Inc. v. Louisiana Auto. Dealers Ass'n*, No. 22-2982, 2023 WL 9059650, at *7 (E.D. La. Jan. 11, 2023); *see also City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725-SDD-RLB, 2020 WL 13033205, at *3 (M.D. La. Apr. 20, 2020). Allowing leave to amend is the "best exercise of discretion" as it allows a plaintiff's claims to be tested under the Rule 12(b)(6) framework after a chance to plead the plaintiff's best case. *Tesla, Inc.*, 2023 WL 9059650, at *7; *Phillips v. Whittington*, No. 17-CV-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018). This principle is particularly apt when the futility analysis in the amendment motion overlaps with issues under consideration in the Rule 12 motion.

3

Throne also maintains that amendment will cause undue prejudice. Throne predicts that allowing amendment will complicate the procedural posture of the case, cause Throne to incur additional fees and costs, and delay resolution of the pending Rule 12 motion.[10] This prediction may be accurate—time will tell—but most defendants faced with a motion to amend during the pendency of a Rule 12 motion are subject to the same potential prejudice. Despite this frequent scenario, amendment under Rule 15(a)(2) remains subject to a permissive standard. Thus, while granting the motion may prejudice Throne, that prejudice is not undue under Rule 15(a).

Throne also opposes amendment because Manship did not seek leave to amend within 21 days after Throne filed its Rule 12 motion, as contemplated by Rule 15(a)(1). The consequence of that delay is to subject Manship to the Rule 15(a)(2) standard rather than the even more lenient Rule 15(a)(1) standard. Justice does not require that Manship be subject to any additional penalty or adverse consequence for filing her motion to amend approximately six weeks after Throne filed its Rule 12 motion.

### III. Conclusion

For the reasons above, Manship may amend and supplement her complaint. The proposed pleading provided with the motion, however, is not comprehensive because it is presented piecemeal and refers back to the original complaint. Thus,

---

[10] *E.g.*, Doc. 36 at 18.

4

Manship must submit a revised proposed comprehensive complaint that restates all allegations in a single document.

Accordingly, for these reasons,

**IT IS ORDERED** that Manship's Motion for Leave to File a Supplemental, Restated, and Amended Complaint (R. Doc. 31) **GRANTED IN PART** and that Manship may file an amended pleading as set forth below.

**IT IS FURTHER ORDERED** that the motion is **DENIED IN PART** insofar as the proposed pleading attached to the motion requires reference back to the original complaint and is not a comprehensive pleading.

**IT IS FURTHER ORDERED** that on or before **June 11, 2025,** Manship may submit an *ex parte* motion for leave to file a revised proposed comprehensive complaint that includes all of Manship's numbered allegations, as revised, supplemented, and/or amended, and which will become the operative complaint without reference to any other document in the record. The revised proposed pleading may not modify the substantive allegations set forth in the original complaint and in Manship's proposed pleading.

New Orleans, Louisiana, this 4th day of June, 2025.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE