**EASTERN DISTRICT OF LOUISIANA**
**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| **KELLY MANSHIP** | **CIVIL ACTION NUMBER: 25-cv-00426** |
| **VERSUS** | **JUDGE: WENDY B. VITTER** |
| **JOSHUA THRONE** | **MAGISTRATE JUDGE: EVA J. DOSSIER** |

*****************************************************************

**SUPPLEMENTAL, AMENDING, AND RESTATED COMPLAINT**

The Supplemental, Amending, and Restated Complaint of Kelly Manship, a resident of the full age of majority of Orleans Parish, Louisiana, respectfully represents:

1.

Made Defendant herein is Joshua Throne, a resident of the full age of majority of Orleans Parish, Louisiana. Defendant is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity, including injunctive relief.

2.

Petitioner owns a condominium located at 422 Notre Dame St., Unit #2, New Orleans, Louisiana. In 2022, defendant purchased the condominium immediately above Petitioner at 422 Notre Dame Street, Unit #3, New Orleans, Louisiana. At all times pertinent hereto, defendant was the owner, possessor, exercised control and maintained "garde" over Unit #3 and the deck adjacent to Unit #2.

3.

Petitioner's original Act of Sale, dated August 8, 1996, deeded to her a covered parking space, one additional parking space, and half of the existing deck along with the condominium

Unit #2. Defendant, Throne, was not deeded a covered parking space and resides in Unit 3 above Petitioner. The defendant owns the other half of the existing deck. In addition, since August 8, 1996, Petitioner has also been the sole good faith possessor for more than ten (10) years of the storage unit located on the property and under a portion of the deck. Petitioner requests the Court fix the boundary and/or apportion ownership of the deck, parking spaces, and ingress into Petitioner's storage unit and as provided pursuant to Petitioner's deed.

4.

Defendant, Throne, who lives on the third floor of the complex, does not have any right or title to a covered parking spot, yet he continues to park in a covered spot to the exclusion of Petitioner and repeatedly blocks Petitioner's access to her covered parking space and storage unit on nearly a monthly basis, specifically including but not limited to on March 2, 2024, April 11, 2024, April 27, 2024, April 29, 2024, May 5, 2024, June 10, 2024, July 1, 2024, and July 22, 2024. As a result, Petitioner has missed numerous medical appointments and engagements due to her inability to get out because she was blocked by defendant. Petitioner raised this issue before the Homeowner's Association Board, but was nothing done to remedy the situation or otherwise prevent defendant from continuing to block her in. Despite Petitioner's repeated requests to defendant, he refuses to move.

5.

The shared deck is a hazard as it has a number of broken and rotten boards and is in immediate danger of falling in and/or Petitioner falling through in May, 2024. The deck is such a hazard that Plaintiff literally fell through the boards, causing her to sustain severe cuts, bleeding, bruising, and scars.

6.

Article V Section 2 of the "By-Laws of Whitney and Sloo Two Condominium Homeowner's Association, Inc." states that "Each Unit Owner shall maintain His Unit in good condition and in good order and repair, at his own expense." The deck, co-owned by Petitioner and Defendant is not in a "good condition," and despite plaintiff's repeated demands to repair same throughout 2023 and 2024, Defendant has failed and refused to repair and/or participate in the repairs of the deck despite his obligations under the By-Laws and law, namely La. Civ.C. Art. 800, *et seq*.

7.

Petitioner is now making repairs to the deck because it is extremely hazardous and to avoid further injuries to herself and others despite defendant's failure and/or refusal to do so and as required. In so far, Petitioner has paid approximately $24,719 to make deck repairs, without the help of defendant Throne.

8.

Petitioner seeks to enforce the Homeowner's Association By-laws by requiring defendant to repair the hazardous deck and seeks for the boundary to be declared between her portion and defendant's portion of the deck as well as allotment of covered and non-covered parking spaces. Petitioner further shows defendant's deed to Unit 3 does not contain any right or entitlement to him to a "covered" space.

9.

Additionally, defendant, who was working on his Unit 3, did so in such a haphazard, negligent, and unworkmanlike condition that he caused numerous damages to Petitioner's Unit. In 2022, Defendant left a "bucket" in his Unit under a perpetual water leak from his toilet which he

failed and/or refused to dump causing it to overflow and water pour into and damages Petitioner's Unit. When Petitioner approached defendant about the continuing water leaks, defendant told Petitioner "she" should have gone in his Unit and dumped the water. Petitioner shows defendant continues to cause water and/or other substances to leak into her Unit from his Unit, specifically including but not limited to in August, 2023, on December 2, 2023, on March 2, 2024, when he moved water pipes and the toilet in his Unit leaked water, and on February 26, 2025, causing property damage and disturbing her peaceful possession of the premises for which she sues for herein. Throughout 2023 and continuing through present, defendant continued to cause damage to Petitioner's Unit, including his workers stepped and made holes in Petitioner's ceiling on July 14, 2023, caused Petitioner's air conditioner to short out and stop working in July 2023, left debris, dirt, pieces of the upstairs floors and ceilings in her Unit, were extremely loud with jackhammers and heavy equipment, rendering her Unit uninhabitable.

10.

In addition, and as a result of punching several holes in Petitioner's ceiling, a concrete like substance poured into Petitioner's Unit in August, 2023, along with trash and debris, water from defendant's Unit poured through Petitioner's ceiling causing further damages, leaving water stains, mold, and caused damages to the walls, windows, and floors of Petitioner's Unit. Petitioner's Unit, as a result of the negligence and/or fault of defendant, was rendered uninhabitable for several weeks.

11.

As a result of Defendants damage to Petitioner's Unit, namely the ceiling, bathrooms, and kitchen of Unit #2, Petitioner was forced from her home in August, 2023. Petitioner, who was recovering from major surgery in September, 2023, had to leave her unit and check into a hotel

because Defendant had again rendered her Unit uninhabitable. As a result of defendant's actions, Petitioner's recovery from surgery and her physical condition was exacerbated and her recovery prolonged. For approximatley one (1) week, she had to receive physical therapy and after care at the hotel instead of in her own home.

11a.

Beginning in summer 2024 and continuing thereafter through present, defendant Throne also violates Petitioner's peaceful and safe enjoyment by operating an AirBnB at Unit #3 resulting in repeated disturbances from renters, unauthorized access to common areas, and obstructions that hinder Petitioner's residence. Defendant's AirBnB is in violation of City of New Orleans's Code of Ordinances, Chapter 26, Article XI, *et seq.* for short terms rentals under, specifically requiring a permit for defendant to operate an AirBnB for which defendant does not possess. Petitioner repeatedly requested defendant cease his unlawful interference with her peaceful enjoyment and ownership of her property, including on September 18, 2024, and November 16, 2024, directly to AirBnB, to no avail.

11b.

Throne began renting his unit, as a short term rental, without proper permit or authorization from the City of New Orleans. He advertised and continues to advertise his unit and short term rent it through AirBnB, including through at least December, 2024. As a result, Throne has permitted, without permission or authority, a series of short-term rental guests to occupy the leased premises, including the deck which is falling apart and which Throne refuses to repair and/or assist with its repair. In addition, Throne's permittees have been extremely disruptive often holding loud parties all night long, leaving trash, debris, and waste in the common areas, blocking her access to her parking spot, and further disturbing Petitioner's peaceful possession of her property,

specifically including but not limited to the weekend of September 12, 2024, through September 13, 2024, and Super Bowl week of 2025. On several other occasions, tenants have left the door open and/or failed to lock the door to the condominium complex on September 16, 2024, and September 26, 2024, causing a disruption to Petitioner's enjoyment of her Unit #3. Petitioner further shows Throne caused the liability insurance on the property, including the deck and common areas, to lapse and the parties are unable to renew as a result. As a result, defendant Throne has placed Petitioner in serious jeopardy of liability for injury or damage to Throne's improper short term rental users.

11c.

Petitioner contends defendant is liable unto her for damages under La. Civ.C. Arts. 2317.1 and 2322 as a result of his deliberate neglect of the deck its defective repairs and maintenance of Unit 3. Defendant knew and/or should have known his negligence, intentional conduct, and/or fault would cause damage to Petitioner while she walked on the deck. Defendant also knew and/or should have known his defective work and failure to repair and maintain the deck and Unit #3 would cause damage to Petitioner and to her Unit #2. Petitioner's injuries and damage to her property could have been prevented by the exercise of reasonable care by defendant.

11d.

Petitioner contends defendant is liable unto her for damages under La. Civ.C. Art. 666, *et seq.*, by depriving and interfering with her exclusive right to peaceful possession, enjoyment, and ownership of her Unit. Petitioner shows the harm to her possession, enjoyment, and ownership was and is caused by defendant's failure to exercise reasonable care and negligence, fault, and/or intentional conduct. This harm could have been prevented had defendant exercised reasonable

care and by not interfering with Petitioner's right to access her covered parking space and storage unit, and by not operating a short term rental in violation of New Orleans City Ordinances.

12.

As a result of the actions of defendant, Petitioner sustained compensatory damages, physical injuries, permanent scarring, bruising, abrasions, prolonged recovery post-surgery, expense associated with having to leave her Unit and move into a hotel, damages to her home, severe and extreme emotional distress and mental anguish, loss of use of her residence, parking space, storage unit, deck, and common areas, for which she sues for herein.

13.

Petitioner also seeks and is entitled to issuance of a preliminary, and in due course, permanent injunction herein pursuant to La. C.C.P. Art. 3601 directed to defendant prohibiting and enjoining defendant, his agents, and assigns from parking in the covered parking space, blocking Petitioner's access to her covered space and storage unit, and blocking Petitioner in prohibiting her from lawful ingress and egress to her property, and operating an unlawful AirBnB. Petitioner shows a substantial likelihood of success on the merits, namely through defendant's unlawful obstruction and interference of her covered parking space and storage unit. Petitioner shows there is substantial threat she will suffer immediate and irreparable harm and injury to her right of peaceful ownership, possession and enjoyment of her property as a result of defendant's continued and repeated interference, negligence, intentional conduct, and/or fault. Petitioner contends defendant's egregious conduct has been continuous and reoccurring since 2023 through present despite her requests for him to cease blocking her from accessing and using her covered parking space and storage unit.

WHEREFORE, Petitioner, Kelly Manship, prays after due proceedings are had that there be a Judgment herein in her favor and against defendant, Joshua Throne, for all sums as are reasonable under the premises, all costs of these proceedings, legal interest thereon from the date of demand until paid, that the boundary on the deck, parking spaces, and ownership be apportioned between the Petitioner and Defendant, that Defendant be required to maintain and repair his portion of the deck and, further, that a preliminary and, in due course, permanent injunction issue herein directed to defendant prohibiting and enjoining defendant, his agents, and assigns from parking in the covered parking space, blocking Petitioner's access to her covered space and storage unit, and blocking Petitioner in prohibiting her from lawful ingress and egress to her property from parking in the covered parking space, blocking Petitioner's access to her covered space and storage unit, and blocking Petitioner in prohibiting her from lawful ingress and egress to her property, operating an unlawful AirBnB and awarding Petitioner all such other relief to which she is entitled at law or in equity.

Respectfully Submitted,

By: _/s W. Brett Conrad, Jr. ________________
Jill L. Craft, La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand St.
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612
Facsimile: (225) 663-2613
Email: jcraft@craftlaw.net
bconrad@craftlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2025, a copy of the above and foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to Trial Counsel of record for all parties by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 10th day of June, 2025.

______/s W. Brett Conrad, Jr. _____

W. Brett Conrad, Jr.